**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000070
15-OCT-2015
08:03 AM**

NO. CAAP-13-0000070

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TODD ATHERTON PERKINS, Plaintiff-Appellee,
v.
TAMMY ASH PERKINS, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 11-1-0086)

MEMORANDUM OPINION
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Defendant-Appellant Tammy Ash Perkins (Wife) appeals
from an "Order On Defendant's Motion And Affidavit For Post-
Decree Relief Filed October 25, 2012" (Order on Post-Decree
Motion), entered by the Family Court of the Second Circuit
(family court)[1] on January 7, 2013. On March 14, 2013, the
family court also entered its "Findings of Fact and Conclusions
of Law and Order for November 27, 2012 Hearing" related to this
appeal.

Wife contends that the family court erred when it (1)
failed to consider Hawaii Revised Statutes (HRS) § 580-47 (2006
and Supp. 2014) in deciding Wife's motion for post-decree relief;
(2) misinterpreted the divorce decree by accepting the amount
left by Plaintiff-Appellee Todd Atherton Perkins (Husband) in an
account as the amount owing to Wife from rental proceeds; and (3)
found Husband was not in civil contempt regarding two orders to

---

[1] The Honorable Mimi Desjardins presided, except as otherwise noted.

deposit all rent monies in the account and use it to pay the mortgage.[2]

For the reasons set forth below, we vacate the family court's rulings related to the amount owed to Wife for rental proceeds from the Marital Residence during the pendency of the divorce proceedings. We remand for further proceedings.

## I. Background

Husband and Wife jointly owned two parcels of real property, one located in Kula, Maui (Marital Residence) and the other located in Kahului, Maui (Commercial Property). Pending a final divorce decree, several motions for pre-decree relief were filed by both Husband and Wife. On March 28, 2011, the family court filed an "Order on [Husband's] Motion for Pre-Decree Relief"[3] which provided in pertinent part:

> 7. 172 Holomakani Place, Kula, Maui, Hawaii. [Husband] and not [Wife] shall be entitled to rent and collect the rental proceeds from the marital residence and cottage located at 172 Holomakani Place, Kula, Maui, Hawaii. [Wife] shall turn over to [Husband] all rental agreements, all security deposits and the balance of any past collected rents. [Wife] shall also provide [Husband] with all of the rental proceeds and security deposits collected from the tenants who are moving on to the property beginning the month of April.
> [Husband] shall deposit said rental funds in an account under his name and shall have sole control of said account and shall use the monies collected to pay the mortgage on said residence.

(Emphasis added.)

Subsequently, on September 7, 2011, the family court entered an "Order of the Evidentiary Hearing Held August 8, 2011"[4] that *inter alia* further specified Husband's rights and obligations in managing both the Marital Residence and Commercial

---

[2] Wife's Opening Brief does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 in several ways, which alone raises the potential for dismissal of the appeal and/or waiver of issues sought to be raised. Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995). However, because we seek to address cases on the merits where possible, we address Wife's arguments to the extent they are discernable. Id.

[3] The Honorable Keith E. Tanaka presided.

[4] The Honorable Michelle L. Drewyer presided.

Property:

> 8. <u>Real Property</u>. [Husband] shall be allowed to manage both the Kula property located at 172 Holomakani Place, Kula, Maui, Hawaii and the commercial property located 381 Ala Makani Street, Kahului, Maui, Hawaii. <u>[Husband] shall have the right to rent and collect the rents from any tenants and use those funds towards payment of the mortgages on those properties</u>. The parties are ordered to cooperate and communicate in any manner as may be necessary relating to the tenants, the collection of funds relating to the real properties and payments of the mortgages related thereto.

(Emphasis added.)

On September 26, 2012, the family court entered the Divorce Decree, which included in paragraph 15(b) an award to Wife as follows:

> b. <u>Rental Proceeds</u>. [Wife] shall be awarded the parties' joint account <u>containing any and all rental proceeds from the rental of the Marital Residence during the pendency of the divorce proceedings</u> as her sole and separate property. [Husband] shall waive any right, title, claim, and interest in and to said account. [Husband] shall pay [Wife] these proceeds and provide proof of the total amount of the account within two (2) weeks of the entry of the Decree.

(Emphasis added.)

On October 25, 2012, Wife filed a Motion and Affidavit For Post-Decree Relief (Post-Decree Motion). The Post-Decree Motion alleged in pertinent part that Husband failed to pay Wife all of the rental proceeds from the rental of the Marital Residence during the pendency of the divorce proceedings, which she asserts should equal to $46,800. The Post-Decree Motion asked the court to enter judgment against Husband for amounts in arrears, for an order sequestering, garnishing, etc., specific property of Husband, and for an order finding Husband in civil contempt.

On January 7, 2013, the family court filed the Order on Post-Decree Motion, making the following findings:

> 3. [Wife] questioned the language of paragraph 15b of the Divorce Decree as to the rental proceeds. The Court in its interpretation of that paragraph notes that previous orders of the Court allowed [Husband] to collect the rental proceeds from the parties' two marital properties, deposit them into a joint account and apply them to the mortgages.
> 4. Reviewing the language of paragraph 15b, the Court finds that [Wife] was awarded the joint account of the

3

parties, but not the total proceeds received by [Husband].

5. The Court further finds that this make [sic] sense in the light of the fact that [Husband] was suppose to use the funds in this account to pay the mortgages.

6. If there is a dispute as to how the rental proceeds should have been used or what the balance of the account should have been that should have been resolved before the final Divorce Decree herein in September of 2012.

7. The Court also finds that the monies that were in the rental account at the time of the Divorce Decree were the amounts that were made available to [Wife] or $10,639.36.

The family court denied Wife's request for amounts allegedly owed and sequestration of property, and found that Husband was not in civil contempt.

On February 7, 2013, Wife timely filed her notice of appeal. Following Wife's notice of appeal, the family court filed a "Findings of Fact and Conclusions of Law and Order for November 27, 2012 Hearing" on March 14, 2013, which provides in pertinent part:

*Rental Proceeds.*

23. The issue relating to the rental proceeds arose initially as a result of an Order by this Court on August 8, 2011 which was filed September 7, 2011.

24. That Order allowed [Husband] to collect rents from the parties' marital residence located at 172 Holomakani Place, Kula, Maui, Hawaii and the parties' commercial property located at 381 Ala Makani Street, Kahului, Maui, Hawaii and to use those monies to pay the mortgages.

25. The case file also shows that there was an evidentiary hearing on this matter on April 17, 2012, and Order filed May 2, 2012, which addressed the issue of payments to be made for support by [Husband] and the allowed rental collections.

26. [Husband] had the authority to collect and disburse monies from the rental account as provided in those Orders.

27. The Court takes judicial notice of these documents in the record and other documents in the file as further provided herein.

28. [Husband's] Asset and Debt Statement filed on August 1, 2012 and provided to [Wife's] counsel reflects a balance in the Bank of Hawaii rental account of $15,766.64.

29. This document was mailed to [Wife's] counsel as reflected in a Certificate of Service located in the file and filed August 6, 2012.

30. There was no evidence offered by [Wife] to show the account contained a different amount.

31. [Husband] had the obligation to collect certain rents from the Holomakani property and the commercial property, he also had the right to use these rents to make payments towards the mortgages.

32. [Wife] knew or should have known that the amount in the account as of August 1, 2012, was $15,766.64.

4

33. There is nothing in the Divorce Decree specifically naming the amount to be awarded to [Wife] from the rental account as of any date.

34. In reviewing the language of paragraph 15.b of the Divorce Decree, the Court finds that [Wife] was awarded the contents of the joint account, but not any specific amount since none is mentioned in the Divorce Decree.

35. The Court concludes that [Wife] was not awarded the total of all rental proceeds by [Husband] from the date he began collecting funds until the divorce.

36. This make [sic] sense in light of the fact that [Husband] was suppose to use the funds in this account to pay the mortgages and certain expenses relating to the properties.

37. If there was a dispute as to how the rental proceeds should have been used or what the balance of the rental account should have been, that issue should have been addressed before the Divorce Decree herein in September of 2012.

38. The evidence showed that the monies in the rental account at the time the Divorce Decree was signed were the amounts ultimately made available to [Wife] or $10,639.36.

39. [Wife] provided no testimony or evidence that contradicted that amount.

## II. HRS § 580-47

In her first point of error, Wife contends that the family court erred in failing to consider HRS § 580-47. We conclude that Wife waived this argument.

HRS § 580-47 requires the court to divide property in a divorce decree in a manner that is just and equitable. See Gordon v. Gordon, 135 Hawai'i 340, 348-49, 350 P.3d 1008, 1016-17 (2015) ("Under HRS § 580-47 (2006), the family court has wide discretion to divide marital partnership property according to what is 'just and equitable' based on the facts and circumstances of each case." (footnote omitted)). Under Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1), Wife had thirty days to appeal the terms of the Divorce Decree and challenge whether the property division was equitable, but did not so appeal.

In any event, the core of Wife's appeal is not a challenge to the Divorce Decree itself, but instead the manner in which the family court interpreted paragraph 15(b). Wife's Post-Decree Motion did not assert that the property division in the Divorce Decree was inequitable. Rather, the motion sought to enforce paragraph 15(b) of the Divorce Decree, as Wife understood that provision. Therefore, we turn to the interpretation of the

5

Divorce Decree.

### III. Interpretation of Paragraph 15(b) of the Divorce Decree

Wife contends that the family court misconstrued paragraph 15(b) of the Divorce Decree, because Wife asserts that she is entitled to all the rental proceeds from the Marital Property during the pendency of the divorce proceedings. We are not bound by the lower court's interpretation of the Divorce Decree. Jendrusch v. Jendrusch, 1 Haw. App. 605, 609, 623 P.2d 893, 897 (1981). "The lower court's interpretation is not protected by the clearly erroneous rule and is freely reviewable." Id.

The determinative factor in construing a Divorce Decree "is the intent of the court as gathered from the decree and other evidence." Anderson v. Anderson, 59 Haw. 575, 584, 585 P.2d 938, 944 (1978). In addition, "[a] judgment or decree like any other written instrument is to be construed reasonably and as a whole, and effect must be given not only to that which is expressed, but also that which is unavoidably and necessarily implied in the judgment or decree." Id. at 584-85, 585 P.2d at 944 (citation omitted).

Paragraph 15(b) of the Divorce Decree provides that Wife shall be awarded "the parties' joint account containing any and all rental proceeds from the rental of the Marital Residence during the pendency of the divorce proceedings as her sole and separate property." (Emphasis added.) However, the prior orders of the family court gave Husband the right to collect the rents for the Marital Residence, deposit them into an account, and to use those funds to pay the mortgage. We thus agree with the family court's ruling to the extent that it determined that paragraph 15(b) needed to be read in light of the family court's prior orders allowing Husband to use rental funds from the Marital Residence to pay the mortgage on that property.

We cannot, however, agree with the family court's ruling that Wife was simply entitled to the amount actually left in the account at the time of the Divorce Decree, without any

6

further inquiry or assessment as to the appropriate amount that should have been in the account. In this regard, the family court reasoned that, in an asset and debt statement filed on August 1, 2002, Husband had notified Wife's counsel that there was $15,766.54 in the rental account, Wife knew or should have known this was the amount in the account, the Divorce Decree does not state the specific amount owing to Wife, and any dispute as to the balance of the account should have been addressed before the Divorce Decree was entered in September 2012. Neither the family court nor Husband point to anything in the record to establish that the amount in Husband's asset and debt statement was supposed to represent all of the rental amounts owing to Wife. Moreover, as the family court notes, the amount actually left in the account at the time of the Divorce Decree and paid to Wife was $10,639.36. There is no explanation by the family court as to why this lesser amount was appropriate, other than that was the amount left in the account at that time.

Given the language of paragraph 15(b) in the Divorce Decree, and the prior orders of the family court regarding the rental proceeds, we conclude that Wife is entitled to all rental proceeds from the rental of the Marital Residence during the pendency of the divorce proceedings, minus the amounts Husband used from these rental proceeds to pay the mortgage on the Marital Residence. In this regard, the family court should have made a factual determination of the proper balance in the account, rather than just rely on the amount that happened to remain in the account at the time of the Divorce Decree.

## IV. Civil Contempt

Finally, Wife contends that the family court erred when it did not find Husband in civil contempt. Based on the record before us, we cannot say there was enough evidence for the family court to determine that Husband was in civil contempt at the time the court ruled on this issue. See Murray v. Murray, 60 Haw. 160, 164, 587 P.2d 1220, 1224 (1978) (requiring for civil contempt not only that the party failed to comply with a court

order, but also a finding by the court that the party has the ability to comply); Chan v. Chan, 7 Haw. App. 122, 128, 748 P.2d 807, 811 (1987). We thus conclude that the family court did not err in ruling that Husband was not in civil contempt.

## V.   Conclusion

To the extent that they address the amount owing to Wife for the rental proceeds from the Marital Residence during the pendency of the divorce proceedings, the "Order on Defendant's Motion and Affidavit for Post-Decree Relief Filed October 25, 2012" filed on January 7, 2013, and the "Findings of Fact and Conclusions of Law and Order for November 27, 2012 Hearing" filed on March 14, 2013, both entered by the Family Court of the Second Circuit, are vacated. The case is remanded to the family court for further proceedings consistent with this opinion.

DATED:   Honolulu, Hawaiʻi, October 15, 2015.

On the briefs:

Tammy Ash Perkins,
Defendant-Appellant, *pro se.*

Guy A. Haywood,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge